RACHEL SALZBERG, Appellant, *v.* JOSEPH MANDELBAUM, Respondent.

*Attachment — insufficiency of the affidavits.*

The affidavits upon which a warrant of attachment was granted, upon the ground that the defendant had fraudulently disposed of his property, after a statement of the plaintiff's cause of action, recited in effect that the defendant had con-veyed certain property to one Holtzberg, and while the conclusion was stated that such conveyance was fraudulently done there were no facts stated to support it. In addition, it was stated that the defendant at that time held the title to certain other premises, and that, with intent to defraud his creditors, he disposed of his equity in said premises by causing a pretended mortgage in favor of a third person to be recorded. The evidence to support the conclusion that such mortgage was fraudulent consisted of an affidavit which stated that two persons, alleged to be the real owners of the property, had admitted that such mortgage was fraudulent.

*Held,* that such papers were insufficient to sustain the attachment.

APPEAL by the plaintiff, Rachel Salzberg, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of August, 1895, vacating and setting aside a warrant of attachment.

*Adolph Cohen,* for the appellant.

*Ira Leo Bamberger,* for the respondent.

Present — VAN BRUNT, P. J., and PARKER, J.

Order affirmed, with costs, on the opinion of the court at Special Term.

The opinion of the Special Term was as follows :

O'BRIEN, J. :

This attachment was granted upon the ground that the defendant had fraudulently disposed of his property, and it is assailed upon this motion upon the ground that the papers are insufficient. After a statement of the plaintiff's cause of action the affidavits recite in effect that the defendant conveyed the property No. 232 East Ninety-seventh street to one Joseph Holtzberg, and while we have the conclusion stated that this was fraudulently done there are no facts to support it. In addition, it is stated that the defendant now

holds the title to premises No. 97 Perry street, and that with intent to defraud his creditors he disposed of his equity in the premises by causing a pretended mortgage for $7,000, in favor of one Lieb Kowalsky, to be recorded. The evidence offered to support the conclusion that such mortgage was fraudulent consists of the affidavit of a person who states that Simon Rose and Abraham Mandelbaum, who, ·it was alleged, were the real owners of the property, had admitted that such mortgage was fraudulent. Such an affidavit is insufficient, for either the defendant was the real as well as the ostensible owner of the Perry street property, in which case he could not be affected by admissions made by third parties who are not his agents and who hold no such relations to him as to make their admissions binding, or, if we take the other view, that the persons who admitted that the mortgage was fraudulent were the real owners, and the defendant was only the ostensible owner, then their creditors and not the defendant's were defrauded by such mortgage. There are other objections to the validity of this attachment, but the one suggested as to the insufficiency of the papers upon which the attachment was granted need only be referred to. The motion is accordingly granted, with ten dollars costs.